CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
MICHAEL S. HORIKAWA (SBN 267014)
michael.horikawa@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: 213.488.7100
Facsimile: 213.629.1033

Attorneys for Plaintiff
KING TACO RESTAURANT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING TACO RESTAURANT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KING TACO INC., a New York corporation,<br><br>Defendant. | Case No. 2:19-cv-00302-RGK (ASx)<br><br>**[PROPOSED] JUDGMENT**<br><br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

For the reasons stated in the Court's "Order re: Plaintiff's Motion for Default Judgment (DE 16)," dated May 14, 2019 (DE 22), **IT IS HEREBY ORDERED and ADJUDGED** that:

1. Plaintiff King Taco Restaurant, Inc. ("Plaintiff") is the exclusive owner of a family of trademarks registered on the Principal Register of the United States Patent and Trademark Office, which includes Reg. No. 2,838,200, Reg. No. 2,838,199, and Reg. No. 2,853,050 (the "KING TACO trademarks");
2. Defendant King Taco Inc. ("Defendant") has infringed Plaintiff's rights in its KING TACO trademarks;
3. Defendant's use of "King Taco" in connection with its business constitutes unfair competition and false advertising;
4. Defendant, its officers, directors, employees, agents, servants, affiliates, and/or any person or entity acting under or through Defendant are permanently enjoined from directly or indirectly:
    i. Infringing Plaintiff's KING TACO trademarks in connection with Defendant's King Taco Inc. business or any other future restaurant business;
    ii. Using the words "King Taco" or confusingly similar combination of words comprising "King" and "Taco" in connection with advertising, promoting, or offering of any services related to food restaurants or food products on any marketing or advertising materials, including but not limited to store signages and displays, digital materials, print materials, radio/television commercials, social media platforms such as Facebook, Snapchat, Instagram, Yelp, or Twitter, and any general websites associated therewith;
    iii. Holding itself out as the owner or authorized user of names or marks containing the words "King Taco" in any manner related to food

restaurants or food products, including but not limiting to any forthcoming certificates of incorporation Defendant may file with any secretary of state, as well as any current New York State certificates of incorporation which must be canceled or amended to remove any use of the words "King Taco"; and

    iv. Using the words "King Taco" in any way that would create a likelihood of injury to Plaintiff's business reputation or a dilution of Plaintiff's name and mark and the goodwill associated therewith.

Dated: May 16, 2019

*Gary Klausner*

Hon. R. Gary Klausner
United States District Judge